IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KEITH WARE
Petitioner :
: NO.
v. : CA 07 317 T
: EVIDENTIARY HEARING
JONATHAN C. MINOR, WARDEN : REQUESTED
U.S.P. ALLENWOOD :
Respondent :

PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO TITLE 28 U.S.C. § 2254 (ACTUAL INNOCENCE)

AND NOW, into Court comes Petitioner Keith Ware, proceeding herein pro se, and indigent, Mcfarland v. Scott, 512 U.S. 1256 (1994).

Arguments herein are "supported by authorities in law," Mathis v. New york Life Ins., Co., 133 F.3d 546 (7th Cir. 1998), that inlight of Petitioners pro se standing, this Honorable Court by and through its judicial benevolence may provide a less stringent standard of review , liberal construction when examining citation of case law, procedural rule, and efforts at legal syntax, Boag v. Macdougall, - 454 U.S. 364, 70 L.Ed.2d 551, 102 S.Ct. 700 (1982). And futher this court may apply the appropriate rules of proceedure even if none was cited by pro se Petitioner. Royce V. Hahn, 151 F.3d 116-18 (3rd Cir-1998).

This Memorandum of Law presents a colorable claim of Constitutional Dimensions at U.S.C.A. 6th., avering to statement of fact and law

STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to Title 28 U.S.C. § 2254 and Title 28 U.S.C. § 1651 (a) and (b) pursuant to the all writs Act

## STATEMENT OF THE CASE

Petitioner herein pro se litigant, was arrested by two Providence Rhode Island Police Detectives on July 9, 1994 for possession of weapons charge, on September 20, 1994 a one count indictment was returned by a Federal Grand Jury for the District of Rhode Island, charging possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922 g) (1).

On January 25, 1995 the Goverment filed an information pursuant to the Armed Career Criminal Act, to establish existence of three particular and specific prior felony convictions (under contention herein). On February 21, 1995 jury trial commenced before the Honorable Judge Ernest C. Torres. Petitioner was convicted on February 22, 1995.

On June 16, 1995 Petitioner was sentenced to a term of imprisonment, that being 300 months, five years supervised release. Notice of appeal was timely filed , however appellate counsel failed to perfect appeal, therefore filed a brief pursuant to Anders v. California. On July 16, 1996 the First Circuit dismissed notice of appeal, GRANTED Anders brief, and futher affirmed judgement of the District Court on January 20, 1997. (No Certiorari to the Supreme Court was filed).

Initial post conviction motion pursuant to 28 U.S.C. § 2255 (same trial judge) was filed on May 17, 1997, the District Court denied and dismissed § 2255 motion. Thereafter petitioner filed timely motion to modify and or to amend the judgement pursuant to Fed. R. Civ. P. 59 (e). the same Court denied and said motion on August 11, 1999. Notice of Appeal as to judgement entered on § 2255/ Civ. R. 59 (e) motions was filed September 9, 1999. Motions for C.O.A. pursuant to 28 U.S.C. § - 2253 was denied and the appeal terminated on February 7, 2001.

ISSUE NUMBER ONE

**PETITIONER HAS RECIEVED AN ILLEGAL AND UNCONSTITUTIONAL SENTENCE AND OR THAT HE IS ACTUALLY INNOCENCE OF SENTENCE IMPOSED WHERE THE SUPREME COURT REVERSED ITS HOLD IN** U.S. v. Taylor, 595 U.S. 575 (1990) (involving the analysis of a crime specifically listed in 924 (e) (2) (B) (ii)- A.C.C.A., where that Court adopted a formal category approach applicable to the entire enhancement statute). **NOW HOLDING** "[T]he rule of reading statutes to avoid serious risk of unconstitutionality therefore counsels the court to limit the scope of judicial fact finding on the disputed generic character of a prior plea." Id., at 10-12. **WHERE AS HERE PETITIONER WAS CAUSED TO RECEIVE MANDATORY CAREER OFFENDER ENHANCEMENT WITHOUT THE BENEFITS OF REQUISITE JURY TRIAL GUARANTEES.**

This matter comes before the Honorable Court whereby Petitioner seek relief designed to remove from himself substantial liberty restriants, caused by judicial reasoning which was entirely dependent on **LEGAL PRINCIPAL*** deemed lawful, resulting in an unconstitutional sentence proceeding U.S.C.A. 6th., and or a complete miscarriage of justice i.e., a proceeding of which this court cannot rely on as having produce a just result. see Nevius v. Mcdaniel,104 F.3d 1120 (9th Cir. 1996) ("A prima facie showing that the sucessive application satisfies the requirements of 28 U.S.C. § 2244 (b) (3) (A) or (3) (C)".); U.S. v. Gobert, 139 F.3d 436 (5th Cir. 1998) (**ACTUAL INNOCENCE, WHERE PRIOR OFFENSE CONDUCT WHICH HE WAS [SENTENCED] WAS BEYOND SCOPE OF CRIME. STATUTE AND WOULD RESULT IN COMPLETE MISCARRIAGE OF JUSTICE IF COURT REFUSED TO GRANT RELIEF.**"); and where instant offense did not qualify for § 924 (e), § 4b1.4.

Petitioner contends that as a result of Goverment's filing of information to establish

prior criminal convictions pursuant to the **ARMED CAREER CRIMINAL ACT** at 18 U.S.C. § 924 (e) (1), and 4B1.4 of the U.S. Sentencing Guidelines on January 25, 1995 that the court would make its finding of fact in order to allow penalty enhancement to a mandatory minimum sentence of fifteen years (after conviction via jury trial).

That the Career Offender enhancement had occured relient on three specific prior felony covictions **1.** A drug disribution charge(marijuana), date of arrest 5/14/91, date of plea 6/5/91; **2.** Assault with a dangerous weapon, date of arrest 1/23/85, date of plea 2/25/85; and **3.** Breaking and entering in the night, date of arrest 9/1/89, date of plea 9/20/89. All three prior offenses and **NOLO CONTENDERE** **1** pleas occured in Providence Rhode Island.

Where current judgement and sentencing is the end result of jury based on single count indictment which charged possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922 (g) (1). Futhermore through the guidance and advice of trial attorney Petitioner was counseled to enter into a stipulation to the above mentioned three prior felony convictions as it was considered the legal norm and a fruitless exercise to raise challenge to alleged prior offense that would (have been) accepted by the court ex facie (on its face) i.e., where the court would only need review criminal compliants and "Rap Sheets"

---

* The legal principal refered to here is the "**Categorial approach**" explained under the rubric of **THE FACTS AND THE LAW**

**1.** The factor of contentuous prior offenses cited above having to be entered as NOLO CONTENDERE, in Providence Rhode Island, is not question raised herein, as an exception to felony status in Federal Court.see First Circuit Rule highlighted at U.S. v. Cuevas, 75 F.3d 778, 780-81 (1st Cir. 1996) (**For nolo contendere and Fed. interpretation.**).

for verification. [**note: "no details of offenses were contained in court files."**

This Court may weigh into the equation while considering the merits of claim based on intervening change in Constitutional law for purposes typical of motions pursuant to § 2255 albeit sucessive is the inherent conflict of intrest; which only becomes **"apparent"** where the court is made aware that the attorney who provided representation in the instant offense and sentenced complained of, was also the attorney (in two of the) three prior criminal convictions of which he (trial counsel) convinced petitioner to agree to stipulations. see U.S. v. - Ciak 59 F.ed 304-07 (2nd Cir.1995) (habeas Petition granted for failure to inquire because court should have been aware ot two potential conflicts).

Finally this court will find in light of the new prcendent authority i.e., Separd v United States, 544 U.S. (2005), 03-9168, 348 F.3d 308. Justice remains to prevail where relief as sought only compels adjustment of sentence and does not disturb judgement as entered by the petit jury. All such being commensurate with Constitutional guarantees, e.g., at U.S.C.A. 6th. for reasonable doubt standard jury trial guarantee ( fact finding). Not withstanding former **Categorial Approach**, a legal principal that impinges those very Constitutional principles.

**THE FACTS AND THE LAW**

As Petitioner issue raised herein is centered primarily on the question of sentencing courts use of (two) prior felony convictions for the purpose of enhancement pursuant to the ACCA through use of " **Categorical Approach**" previously defined by Supreme Court at Taylor, Id 613. Now superseded by Supreme Court's ruling at Shepard where it ruled:

> **"[T]he question here is whether a sentencing court can look to police reports or complaint applications to de**

> termine whether an earlier guilty plea necessarily admitted and supported a conviction for, generic burglary. We hold that it may not and that a later court determining the character of an admitted burglary is generally limited to examining the statutory definition charging document, transcript opf plea colloquy, and any explicit factual finding by the trial judge to which the defendant asserted." Id at 211.

And futhermore:

> " [A]llthough Taylor involved prior burglaries, as this case does, our holding in Taylor covered other predicate ACCA offenses. 495 U.S. at 600." [See fn #2 at Shepard.]

Under prevailing standards of law except for the sentencing courts adoption of whats known as the **Categorial approach**, Id at 613. the court would have been constrained only to permit sentencing based on those facts authorized by both indictment and jury fact finding. See **Grand jury indictment clause**, **probable cause doctrine** at**U.S.C.A. 5th.**, and petit jury fact finding process, as interpreted by the high court. **Sullivan v. Louisiana,** 508 U.S. 275 (1993); **United States v. Gaudin**, 515 U.S. 506 (1995) (U.S.C.A. 6th.).

These combined factors serving as settled law provide basis upon which Petitioner has a reasonable and lawful expectation to recieve a substantially lower term of imprisonment; particularly where sentencing courts use of "categorial approach" regarding contentious priors included the courts embrace and adoption of both goverments **information filing** pursuant to § 924 (e) (1) and **Presentence Report** recommendation pursuant to §4B1.4. of the **U.S.S.G.**, (for mandatory minimum sentence of 15 yrs.) Petitioner eventually recieved a sentence of **300 months**.

The intervening authority, Id at Shepard, set new criterior where it now requires the court to look beyond " Police reports or compliant application" i.e., rap sheets included. As related to questionable priors, in order to rely on them for purpose of triggering Career Offender enhancements (ACCA). But that factual determination also must

be in conformity with new Sixth Amendment standards, defining scope of jury protection.2.

Thus Petitioner was not a beneficiary of intervening standards where court applied the <u>**A.C.C.A.**</u>, for imposition of mandatory minimum sentence without affording complete examination of aforementioned uncharged status (treshold exam) along with plea colloquy of prior offenses, in order to make certain that they qualified beyond a <u>prima facia</u>, to trigger the <u>**A.C.C.A.**</u>

In simple terms this court may enter an order for evidentiary hearing, or vacature of Petitioner's sentence, due to intervening change in former law. requiring a reduced sentence, where the lower court has failed to apply "categorial approach" as now prescribed/ defined by the <u>**Shepard**</u>, court.

Or this court may order vacature of petitioner's sentence finding that the intervening change in law designed to restore constitutional protections (" Jury trial guarantees") in current stance will forbid a judge as appose to the original jury to conduct ("fact finding") examination of contentious priors used to trigger the <u>**A.C.C.A**</u>, where the Supreme Court opined:

> [J]ustice Souter, joined by Justice Stevens, Justice Scalia, and Justice Ginsburg, concluded in **Part III** The rule in the <u>**Jones v United states**</u>, 526 U.S. 227 243, n.6. and <u>**Apprendi v. New Jersey**</u>

---

2. **Here the determination as to the nature of contentious priors for the purpose of increasing sentence is now limited and deemed the sole function of the jury, where process involves fact finding for** "<u>categorical approach</u>" now prohibited as 18 U.S.C. § 924 (e) (1), has not been charged by indictment and submitted to the jury. See, <u>U.S. V. BOOKER</u>, 543 U.S.____ 125 S.Ct., 738 (2005). e.g., how can court examine statutory definitions" not charged?

530 U.S. 466, 490, lines of cases- that any fact other than a prior coviction sufficient to raise the limit of the possible Federal sentence must be found by a jury absent a waiver by the defendant is also relevant to the **A.C.C.A.** Sentencing. In a nongineric State the fact necessary to show a generic crime is not established by the record of conviction as it would be in a generic state when a judicial finding of a disputed prior conviction is made on the authority of **Almendarez- torres v. United staes**, 52 U.S. 224. Instead, the sentencing judge considering the ACCA enhancement would (on the goverments view) make a disputed finding of fact about what the defendant and state judge must have understood as the prior pleas factual basis, and the dispute raises the concern underlying **Jones**

and **Apprendi**: the Sixth... **Amendment** guarantee a jury's standing between a defendant and the power of the State, and they guarantee a jury's finding of any disputed fact essential to increas a potential sentence cieling... [**quoted from Shepard**]

In any case; based on documents used in sentencing courts Prima Facia examination of prior offenses and review thereof, there exist no additional records in state archives for futher verification. Three prior Rhode Island State Offenses, Judgement and Comitments.

And to the extent that the lower court may have satisfied itself with stipulations guided by trial counsel without fully applying or pursuing the "categorical approach"; such stipulations should not be considered where this court is now made aware that counsel of record had an apparent or actual conflict of intrest. The conflict occured when the goverment made it clear by way of its information filing, seeking to rely on three State priors, for the purpose of ACCA, and attorney knew he represented Petitioner in said matters; a genuine cause for disqualification. For constructive analysis See. **Ciak, id at 57.** quoting **United States v. Zorizzo**, 786 F.2d 57; McKeon, 738 F.2d 26, 34-35 (2nd Cir-1984) (attorney was a potential unsworn witness as to nature and details of three prior criminal proceedings, and where counsel fortified relevant line of inquiry).

Finally this court will find there is a serious structural flaw (error) in the efforts to impose any sentence where as here the goverment did not charge by indictment either the ACCA., 18 U.S.C. § 924 (e) (1) or the offense provision, providing both **mensrea** Scienter element **Knowingly**

and penalty at 18 U.S.C. § 924 (a)(2). Where the Supreme Court observed at MCNally v. United states, 483 U.S. 350 (1987) ("There are no constructive offenses; before one can be punished, it must be shown that his case is plainly within the statute" quoting Fasulo, 272 U.S. 620 (1926)). And that one, "[i]s not to be subjected to a penalty unless the words of the statute plainly impose it". United States v. Campos-Serrano, 404 U.S. 293, 30 L.Ed.2d. 457, 92 S.Ct. 471 at 474 (1971).

In the absence of those Mandatory Statute the indictment only charged 18 U.S.C. § 922 (g) (1). Which by itself authorizes no punishment. Castillo v. United states, 530 U.S. 120, 125 147 L.Ed.2d. 94, 120 S.-Ct. 2090 (2000) (A jury verdict finding only that the defendant had committed the acts described in subsection [922 (g) (1)], without more, would not render the defendant guilty of a crime requiring any ascertainable punishment.) (for constructive analysis).

Thus the statutory proscription for knowingly possessing a firearm by a convicted felon, impacting commerce is incomplete.See Bryan v. United states, 524 U.S. 184 (1998) (Legislative Act F.O.P.A., amended § 924 at (a) (2) to add scienter requirement as a condition to the imposition of penalties for most unlawful acts defined in § 922 ).

A siter Circuit has observed that the statute 18 U.S.C. § 922 (g) (1) standing alone;

" [d]oes not itself authorize the imposition of any criminal penalties." Langley, 62 F.3d 602-611 (4th Cir. 1995).

Futher recognizing that only the defulted statute § 924 (a) (2) authorizes penalties.

PREJUDICE

As avered in opening statements Petitioner's claim raised herein is

against the sentence, hence for the purpose of "Prejudic[ial] showing " unlike challege to conviction the burden is reduced, as per the reasoning of other courts:

"[t]he defendants burden of establishing prejudice is 'slightly less exacting' in the context of sentencing errors as compared to trial errors, and that to meet it a defendant 'need show only a reasonable likelihood that the error affected the courts sentence'" (quoting U.S. v. Joaquin, C.A.D.C. 2003, 326 F.3d 1287, 90); U.S. v. Thomas, C.A.D.C. 2004, 361 F.3d 653, 662. (collecting authorities).

To the extent that a portion of claims made raise challeng as against sentencing courts adoption of pre-sentence report and recommendation, thereby misapplying Guidelines corresponding to the ACC, at 4B1.4 prejudice is defined by the illegal enhancements ability to "expose Petitioner to any higher sentence" [Even by a few months] other than that permitted without guidelines career offender enhancements. See analogous at, U.S. v. Hutton, 252 F3d 1013 (8th Cir. 2001) (as defendant would have been exposed to shorter sentenceabsent enhancement).

Although Colorable Constitutional Claim (U.S.C.A., 5th and 6th) is brought pursuant to intervening change in law, this court will find most errors cited (below) could have recieved proper relief if not forcounsel's failure to bring to attention of courts (trial/ appeallate), even under former precedent i.e. Taylor. Holding:

"[S]lection 924 (e) generally requires that trial court to look only to the fact of conviction and the statutory definition of prior offenses" "and not to the facts underlying the convictions: Id. at 602.

In other words petitioner should be foreclosed from such correction

of error's by this court(1) where trial counsel advised petitioner to stipulate to questionable prior offenses for the purpose of ACC, such that could have had the effect of relieving sentencing court of its traditional Gate keeping function Via "categorical approach" screening process. And (2)the attorney filing of appeals briefpursuant to Anders v. california, 386 U.S. 738 (1976); which in and of itself reasonably could have prevented the court from exercising its historical and traditional supervisory authority, not allowing that court to recognize such errors (taking notice). Otherwise Aders, required counsel to raise before appellate court any issue that "conceivably contains merit in law."

Here as a direct result of trial/ appeals counsel woeful neglect this court may even reinstate Petitioner's direct appeal status. See Evens v. clarke, 868 F2d 267 (8th Cir 1998) **(Appellate Counsel failure to point to issues of arguable warrants reinstatement of direct appeal for consideration of those issues when raised in a pro se post conviction proceeding) [see para.2. at pg. 3. for Statement of case].**

In any case Petitioner could not be barred from relief upon those errors redressable under Taylor, prior to Shepard, Id., where they rise to the level of impacting substantial rights (liberty quetsion) and may have caused a complete miscarriage of justice. This court has authority by which it can take notice and effect relief where it deems necessary. See U.S. v. LEVY 391 F3d 1327, 1341 fn.8. (11th Cir-2004). Holding:

> "[R]ule 52 (b) refers to error "not brought to the courts attention" not errors not brought to the trial courts attention- this is because the rule was intended not only to allow appellate courts to correct errors not objected to at trial, but also to allow them to correct

errors not raised on appeal. The Supreme Court has also noted that rule 52 (b) "codified the plain error standard laid down in United States v. Atkinson, 297 U.S. 157, 160 (1936)." Atkinson, held that "[i]n exceptional crcumstances, especislly in criminal cases, appellate courts, in public intrest, may of their own motion notice errors to which no exception has been taken. '297 U.S. at 160, 56 S.Ct. at 392.

THE THREE PREJUDICIAL ERRORS DEFINED

Number One: (922 (g) (1), not an offense of violence)

At the time petitioners conviction became final the law of the First Circuit Court of Appeals like unto a number of its sister Circuits, did not permit application of ACCA, at 924 (e); 4B1.4 For the mere charge of 18 U.S.C. § 922 (g) (1) (felon in possession of a Firearm), in fact this Circuit deemed the offense (as charged by indictment) not to be a crime of violence per se. And thus on numerous occasions required vacature of "sentence" had erroneously pursuant to misapplication of their "catergorical approach" or career offender statute. See U.S. V. Bell, 966 F2d 703 at 704 (1st Cir. 1992); aff'd 998 F2d 247 (1st Cir. 1993). First making its determination (examination) starting at offense charged in the indictment, "[W]e must now decied such a crime , freshly committed, is a crime of violence" that can energize the career offender guidelines." id at 704. By 1999 (long after finality of judgement in petitioner's case) the First Circuit still applied its principled authority at Bell, in its entirety e.g. at U.S. v. TICHIARELLI, 171 F3d 24-29 (1st Cir. 1999) ("we agree wih Bell"...).

"Freshly Committed" means the offense charged in the indictment. See U.S. v. Fitzhugh, 954 F2d 253-55 (5th Cir. 1992). aff'd, 284 F2d 143

(5th Cir. 1993) (only conduct charged in indictment could be considered in determining whether offense, possession of a firearm by felon, was crime of violence for purpose of career offender provision).

Even when examining the detailed nature of felon in possession offenses as charged in indictments, such that suggest an intent to use violence with weapon, the First Circuit, refused to apply the ACCA. at Doe, 969 F2d 221 (1st Cir. 1992) ( we concluded that the crime of being a felon in possession of a firearm was not a crime of violence despite the fact that the defendant in that case possessed the gun while lying in wait for an enemy to come out of a restaurant). "Reasonable jurist" or sister Circuits agree: Carter, 981 F2d 645 (2nd Cir. 1992), cert. Denied, 507 U.S. 1023, 113 S.Ct. 1827, 123 LED.2d. 456 (1993); Garcia-cruz, 978 F2d 537 (9th Cir. 1992), Cert denied, 508 U.S. 955, 113 S.Ct. 2453, 124 LED.2d. 669 (1993); Shano, 955 F.2d 291 (5th Cir. 1992), Cert denied, 503 U.S. 954, 112 S.Ct. 1520, 118 L.ED.2d. 201 (1992); Johnson, 953 F2d 110 (4th Cir. 1991).

Under new standards, per Shepard, greater scrutiny via examination of priors, removes the goverment tactical advantage, thereby requiring it to fully meet its burden of proof, in protection of Petitioner's jury trial guarantees, U.S.C.A. 6th; when goverment seek to invoke the ACCA. Regardless of whether priors under challenge qualify for ACCA or not.

To the extent the First Circuit has taken an adverse position regarding stipulations in conjunction with ACCA challenges, Meade, 175 F3d 215 222 (1st Cir. 1999), Petitioner now should be afforded anew, to demostrate the two following prior did not, qualify for ACCA application.

NUMBER TWO: (prior Rhode Island Offenses, Marijuana).

Offense date: 05/13/91

Case number: P2-91-1945-A; Original - 629106602

**Plea date: 06/05/91.**

**Statute: 21-28-4.01-A2A. Poassession of Marijuana with intent to deliver.**

**Sentence: Ordered to serve 6 Months, the remaining 2½ yrs. suspended; 2½ yrs. Probation upon release. (total sentence 3 yrs.).**

Here petitioner's contention is section 924 (e) (1) is limited to;

> " [S]erious drug offense [interpreted as] offense under State law, involving manufacturing, distribution, or possessing with intent to manufacture, distribute a controlled substance...for which maximum term of imprisonment of ten years or more is prescribed by law. at 18 U.S.C.A. § 924 (e) (2) (A) (ii)." See United states v. Brandon, 247 F3d 186, 188 (4th Cir. 2001) ( vacature and remanded intent to manufacture or distribute was not inherent in generic conduct underlying defendants prior conviction for drug possession, which thus did not qualify as serious drug felony).

In Petitioner's case he was not prviously convicted of a serious drug offense; had he recieved the benefits of "Categorical approach" as proscribed under ethier former Supreme Court authority at **Taylor**, **Supra** or its intervening precedent at **Shepard**, **Supra**, Petitioner would not have been found to qualify for ACCA where as demostrated above courts has opined that even more egregeous forms of controlled substances (cocaine) and its related circumstances did not qualify for ACCA application. **id at 188.**

To the contrary as in petitioner's prior Rhode Island State case, under its statute proscribing progressively severe sentence commensurate with actual charged quantities (drug weights), circumstances for different types of drugs, defined under general statute subsections. And where as here related charging papers failed to list quanity's or weights, all being determinative of statutory maimum sentence.

Additionally the controlled substance offense for which Petitioner was convicted was not distribution rather it was the lesser, i.e. "possession of Marijuana with intent to deliver" [See **forgoing pg. 4. of this Petition**]. sale of several small 2"by2" (inch) bags of Marijuana to undercover officer.

Petitioner avers that he should be given a chance at examination of this prior drug offense under **Shepard** standards whereby a prima facie, the offense fails to appear a serious drug offense, at least according to reasoning of authority cited above. See also [FN]*

**NUMBER THREE:** (prior Rhode Island offense, Breaking and Entering).

**Offense date: 09/10/89**
**Statute- 11-08.0-04. OB AND E BLDG. NT. INT. LARC.**
**Plea Date: 09/20/89**
**Case number K2-89-0611 A.**
**Sentence: 2yrs. suspended sentence, 3yrs probation for single count charge of breaking and entering at night, with intent to commit larceny**

The High Court at Shepard, Supra has ruled:

[W]e hold that inquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric offense is limited to the terms of the charging documents the terms of a plea agreement or transcript of colloquy between judge and defendant or some comparable judicial record of this information.

Petitioner was not a beneficiary of this judicial edict wher in his case there was no presentation at any stage; records of prior proceedings: containing statement of factual basis for the charged offense typical of fed. rule crim. pro.11 (a) (3) (for guilty pleas), relied on by Goverment to trigger **ACCA**, shown by transcript of plea colloquy or by written plea agreement presented to the court, nor by record of comparable findings of fact agreed to by [Petitioner] upon entering nolo contendere pleas.

---

* United State v. Barbosa, 271 F.3d 438 (3rd Cir 2001) explaining drug amount; also United States v. vasquze 271 F.3d 93 (3rd Cir2001) The Third Circuit court of Appeals explained in detail of drug amount

Futhermore, as part of Petitioner's prior State plea there was no admission to gerneric burglary; dispelling any notion of admitting to "**Sifficient facts**" i.e., Petitioner as part of prior plea proceeding did not admit to entering " Buildings or Structures" unlawfully as required under generic burglary statute or charge. In fact the few documents of prior breaking and entering offense failed to detail any information touching on the subject at all. Although **Nolo Contendere** pleas do not protect a prior state offender from federal courts use of priors as guilty plea to " felony status" per se **Cuevas**, **id** **at 780-81.** Its clear in this case **Nolo Contendere** plea combined with courts failure to retrieve record, does not allow federal court to conclude the actual detailed factual nature of plea, such that would cause qualification for generic burglary, needed to trigger **ACCA**.

Contrary to the assertion of "entering building or structures" unauthorized as required under concept of generic burglary, is the fact that every "structure" in which petitioner was alleged to have "breaking and entering at night" is the fact that Petitioner was employed there, to work at night, and was on duty as night janitor (a fact recognized in record). Therefore even the traditional meaning of breaking and entering would be called into question here, where Petitioner had permission to enter structure at night; what remains is question to attempted larceny. None of those critical factual details were "enquired into" by the court for the purposes of applying **ACCA**.

## CONCLUSION

Should this court not be willing to examine claims presented by way of Title 28 U.S.C. § 2254 relief and procedures, relying on intervening authority and the facts set forth in this petition and **Shepard**, **supra.** petitioner simply reminds this court that Cause has been demostrated above

where substance of claim depicts clear errors when sentencing court did not conduct examination via categorical approach due to those stipulations. Therefore trial/ appellate-attorney was UnConstitutionally ineffective for causing stipulations and for failure to investigate, object, and preserve, or raise issues in appeals court. **See Edwards v. Carpenter 592 U.S. 146 l.ed.2d. 818, 120 S.Ct. (2000) (quotation ommitted).**

This court can find Petitioner **Actually Innocent** of Career Offender enhancement **ACCA** where courts long has recognized for purpose of challange sentence "**Actual Innocence**" as exception to cause and prejudice. Based on all of the foregoing or part thereof, this court cand find petition was prejudiced by Career offender sentencing designation "for which he was actually innocent". **See Maybeck, 23 F3d 888 (4th Cir. 1994).**

Petitioner concludes where the high court has reasoned at **Dugger v. Adams, 489 U.S. at 401, 411 n6, 109 S.Ct.1211, 1217 n6 103 l.ed.2d 435(1989) (if one is actually innocent of the sentence imposed, a federal habeas court can excuse the procedural default to correct a fundamentalally unjust incarceration).** And finally a federal court may grant the writ [petition] even in the absence of a showing of cause for the procedural default. **See Smith v. Murry, 477 U.S. 527, 537 (1986) (implying that the actual innocence exception may apply to non-capital sentences); Dretke v. Haley, 541 U.S. 386 158 L.ed.2d 659, 124 S.Ct. 1847.**

Wherefore Petitioner implore this court to vacate his sentence based on all the foregoing or that it may effect relief by whatever means it deems necessary.

# VERIFICATION

I Keith Ware, pro se Petitioner, hereby verify under the penalties of pejury that all the facts within the Petition are true the best of my knowledge and belief.

Date 8-18-07

Keith WARE
KEITH WARE PRO SE

# CERTIFICATE OF SERVICE

I Keith Ware, prose Petitioner, hereby served a copy of the Petition for writ of habeas corpus on the following party:

Mr. Jonathan C. Minor, Warden
United States Penitentiary Allenwood
P.O. Box 3500
White Deer, Pennsylvania 17887

Date 8-18-07

Keith Ware
KEITH WARE PRO SE