UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KEITH WARE, :
Petitioner, :
v. : CA 07-317 T
:
JONATHAN C. MINOR, WARDEN, :
U.S.P. ALLENWOOD, :
Respondent. :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is the request of Petitioner Keith Ware ("Petitioner") to file his petition for writ of habeas corpus in forma pauperis (Document ("Doc.") #2) ("Motion").[1] Because I conclude that the Motion should be denied, it is addressed by way of this Report and Recommendation. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)(explaining that because denial of a motion to proceed in forma pauperis is the functional equivalent of an involuntary dismissal, a magistrate judge should issue a report and recommendation for a final decision by the district court). For the reasons stated herein, I recommend that the Motion be denied and that the Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2254 (Actual Innocence) (Doc. #1) ("Petition") be dismissed or transferred to the Court of Appeals for the First Circuit.

**Facts and Travel**

The Petition recites that:

> Petitioner ... was arrested by two Providence Rhode Island Police Detectives on July 9, 1994[,] for

[1] The request is contained in a cover letter accompanying the Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2254 (Actual Innocence) (Document ("Doc.") #1). The Court treats the letter as a motion to proceed in forma pauperis (Doc. #2) ("Motion").

> possession of weapons charge[;] on September 20, 1994[,] a one count indictment was returned by a Federal Grand Jury for the District of Rhode Island, charging possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).
>
> On January 25, 1995[,] the Government filed an information pursuant to the Armed Career Criminal Act, to establish existence of three particular and specific prior felony convictions (under contention herein). On February 21, 1995[,] jury trial commenced before the Honorable Judge Ernest C. Torres. Petitioner was convicted on February 22, 1995.
>
> On June 16, 1995[,] Petitioner was sentenced to a term of imprisonment, that being 300 months, five years supervised release. Notice of appeal was timely filed[;] however appellate counsel failed to perfect appeal, therefore filed a brief pursuant to Anders v. California. On July 16, 1996[,] the First Circuit dismissed notice of appeal, GRANTED Anders brief, and further affirmed judgement of the District Court on January 20, 1997. (No certiorari to the Supreme Court was filed).
>
> Initial post-conviction motion pursuant to 28 U.S.C. § 2255 (same trial judge) was filed on May 17, 1997[;] the District Court denied and dismissed § 2255 motion. Thereafter [P]etitioner filed timely motion to modify and or to amend the judgement pursuant to Fed. R. Civ. P. 59(e). [T]he same Court denied ... said motion on August 11, 1999. Notice of appeal as to judgement entered on § 2255[.] Civ. R. 59(e) motion[] was filed September 9, 1999. Motion[] for C.O.A. pursuant to 28 U.S.C. § 2253 was denied and the appeal terminated on February 7, 2001.

Petition at 2.

**Discussion**

Petitioner seeks to file his Petition in forma pauperis. See Motion. Proceedings in forma pauperis are governed by 28 U.S.C. § 1915:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees

> or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.
>
> ....

28 U.S.C. § 1915(a). As an initial matter, the Court notes that Petitioner has not complied with either of these provisions. More significantly, § 1915 also states that:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, **the court shall dismiss the case at any time if the court determines that**--
> (A) the allegation of poverty is untrue; or
> (B) **the action or appeal**--
> (i) is frivolous or malicious;
> (ii) **fails to state a claim on which relief may be granted; or**
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (bold added). Here, the Court concludes that the Petition fails to state a claim upon which relief may be granted because the Court lacks jurisdiction over the Petition.

Petitioner asserts that "[t]his Court has jurisdiction pursuant to Title 28 U.S.C. § 2254 and Title 28 U.S.C. § 1651(a) and (b) pursuant to the [A]ll [W]rits Act[.]" Petition at 1. He is incorrect.

Section 2254 provides, in relevant part, that:

> The Supreme Court, a justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). It is clear from Petitioner's filings that he is not a state prisoner; rather, he is in federal custody pursuant to the judgment of a federal court. See Petition at 1 (naming Jonathan C. Minor, the Warden of the United States Prison at Allenwood, as Respondent); id. at 2 (noting indictment by federal grand jury for the District of Rhode Island and conviction in U.S. District Court); Motion (listing Petitioner's address as "U.S.P. Allenwood"). While Petitioner apparently argues that his federal sentence was unconstitutionally enhanced using state convictions, see Petition at 5 (noting that the "issue raised herein is centered primarily on the question of sentencing court[']s use of (two) prior felony convictions for the purpose of enhancement pursuant to the [Armed Career Criminal Act] ..."); id. at 4 (listing prior state convictions), the fact that state convictions were used under a federal statute to enhance a federal sentence does not render Petitioner "in custody pursuant to the judgment of a State court ...," 28 U.S.C. § 2254(a). Petitioner cannot, therefore, proceed under § 2254.

Because he is in custody pursuant to the judgment of a federal court, Petitioner would normally have a remedy under 28 U.S.C. § 2255, which provides, in relevant part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the

sentence.

28 U.S.C. § 2255. However, § 2255 also states that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain- -
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; see also United States v. Barrett, 178 F.3d 34, 40-41 (1st Cir. 1999)(noting that under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner may file a second or successive § 2255 petition only if first certified by the court of appeals in accordance with § 2255). Section 2244, in turn, provides, in relevant part, that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a); see also United States v. Barrett, 178 F.3d at 41 (noting that § 2244(b)(3)(A) requires authorization by the court of appeals "[b]efore a second or successive application ... is filed in the district court")(alterations in original).

> "From the district court's perspective," these pre-clearance provisions are "an allocation of subject-matter jurisdiction to the court of appeals." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). Therefore, "a district court, faced with an unapproved second or successive habeas petition, must either dismiss it or

> transfer it to the appropriate court of appeals." Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997)(citations omitted), cert. denied, 523 U.S. 1123, 118 S.Ct. 1807, 140 L.Ed.2d 945 (1998).

United States v. Barrett, 178 F.3d at 41 (footnote omitted).

Petitioner concedes that the instant Petition is a second or successive application. See Petition at 2 (noting filing on May 17, 1977, of "[i]nitial post conviction motion pursuant to 28 U.S.C. § 2255 ...," which was subsequently denied and dismissed by district court); id. at 3 (quoting Nevius v. McDaniel, 104 F.3d 1120 (9th Cir. 1996)("A prima facie showing that the successive application satisfies the requirements of 28 U.S.C. § 2244(b)(3)(A) or (3)(C)[.]")). Accordingly, he must first obtain authorization from the First Circuit before proceeding in this Court. See 28 U.S.C. §§ 2244, 2255; United States v. Barrett, 178 F.3d at 41.

Petitioner additionally asserts that this Court has jurisdiction over the Petition pursuant to the All Writs Act, 28 U.S.C. § 1651. See Petition at 1. According to § 1651:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
> (b) An alternative writ or rule nisi may be issued by a justice or a judge of a court which has jurisdiction.

28 U.S.C. § 1651. However, the First Circuit has held that a Petitioner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241, or the All Writs Act, 28 U.S.C. § 1651." United States v. Barrett, 178 F.3d at 38; see also id. at 54 ("[The petitioner] also argues that he may present his claim as a writ of error coram nobis under the All Writs Act. He may not."). Therefore, Petitioner cannot proceed in this Court under the All Writs Act.

**Summary**

The Court finds that, as a federal prisoner detained pursuant to the judgment of a federal court, Petitioner cannot proceed under 28 U.S.C. § 2254. In order to proceed under 28 U.S.C. § 2255, he must first obtain authorization from the First Circuit. He may not evade the restrictions on second or successive petitions by resorting to the All Writs Act. Therefore, this Court lacks jurisdiction over the Petition. Accordingly, I recommend that the Motion be denied pursuant to 28 U.S.C. § 1915(e)(2) and that the Petition be dismissed as a second or successive petition or transferred to the First Circuit, see United States v. Barrett, 178 F.3d at 41 n.2.

**Conclusion**

For the reasons stated above, I recommend that the Motion be denied and that the Petition be dismissed or transferred to the First Circuit. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
September 24, 2007